IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLARENCE D. SCHREANE, | : | CIVIL ACTION NO. **3:CV-14-0719** |
| Petitioner | : | (Judge Caputo) |
| v. | : | (Magistrate Judge Blewitt) |
| BRIAN CHAMBERS, *DHO,* | : | |
| Respondent | : | |

**REVISED REPORT AND RECOMMENDATION**

**I.     Procedural Background.**

On March 14, 2014, Petitioner filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, in this Court.[1] (**Doc. 1**). Petitioner also filed a Motion for leave to proceed *in forma*

---

[1] We note that Petitioner has previously filed three *Bivens* civil rights actions, under 28 U.S.C. § 1331, with this Court, to wit: Civil Docket No. 3:10-CV-1765, M.D. Pa., *Schreane v. Holt, et al.*, which Petitioner appealed to the Third Circuit and was subsequently affirmed by the Third Circuit on April 19, 2012; Civil Docket No. 3:11-CV-0613, M.D. Pa., *Schreane v. Seana, et al.*, which was dismissed on May 30, 2012 by the Court, and subsequently affirmed by the Third Circuit on December 13, 2012; and Civil Docket No. 3:13-CV-1057, M.D. Pa., *Schreane v. Thomas, et al.*, which was filed on April 23, 2012, and is still pending before this Court. Petitioner also previously filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in 3:13-CV-01643 which was dismissed by the Court and was affirmed by the Third Circuit on January 8, 2014. On September 27, 2013, Petitioner filed an additional Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in 3:13-CV-02478 which was dismissed by the Court on November 6, 2013. On December 17 and December 31, 2013, Petitioner filed two additional Petitions for Writ of Habeas Corpus in 3:13-CV-3009 and 3:13-CV-3110 under 28 U.S.C. § 2241 which were both dismissed by the Court for failure of Petitioner to exhaust administrative remedies. On February 12, 2014, Plaintiff filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in 3:14-CV-0246 challenging the disciplinary action for Incident Report No. 2498958 which is the identical issue Petitioner presented herein. The Petition in 3:14-CV-0246 is currently pending before the Court. We are simultaneously filing an R&R in Petitioner's 3:14-CV-0246 habeas case with the R&R we are filing in the instant case.

*pauperis*. Named as Respondent in his habeas petition is Brian Chambers, Disciplinary Hearing Officer.[2] (Doc. 1). The habeas petition has not yet been served on Respondent for a response.

In the present habeas petition, Petitioner raises a due process violation regarding a decision for a disciplinary action he received for incident report No. 2498958 on October 10, 2013.[3] (Doc. 1, p. 2). Petitioner states that he received loss of commissary privileges for 180 days, loss of good conduct time for 27 days, loss of telephone privileges and 180 days loss of visitation. As relief, Petitioner requests that the Court "expunge the incident report because it does not satisfy a Code 206 or lesser included sanction." (Doc. 1, p. 8). Likewise, in his Civil No. 14-0246 habeas case, Petitioner challenged Incident Report # 2498958 claiming that his due process rights were violated since he was transferred to USP-Lewisburg prior to his disciplinary hearing, the Discipline Hearing Officer was prejudiced against him and did not allow him to call witnesses and preserve video footage, his staff representative failed to investigate the incident, and the evidence was insufficient to find that he committed the charged prohibited conduct. Also, the relief which Petitioner seeks in his present case is essentially the same as the relief he sought in his Civil No. 14-0246 case.

---

[2]Insofar as Petitioner has filed a petition for habeas under § 2241, he has not named the correct Respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 428 (2004) (holding that "Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."). Thus, the correct Respondent in this case is Jeff Thomas, Warden at USP Lewisburg.

[3]In his present case, Petitioner does not provide a date when the incident for which he was disciplined occurred. However, based on the evidence submitted in his 3:14-CV-0246 habeas case, we take judicial notice that Incident Report # 2498958 was filed against Petitioner on October 1, 2013, when he was confined at USP-Allenwood, for Conduct which Disrupts, most like Making a Sexual Proposal, BOP Code 299, most like Code 206.

In Petitioner Schreane's Civil No. 14-0246 habeas case, we recommend that his habeas petition be dismissed with prejudice for failure to exhaust his BOP administrative remedies.

We now give preliminary consideration to Petitioner's Civil No. 14-0719 habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1 (b)). *See Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979); *Romero v. Holt*, 2006 WL 3437360 (M.D. Pa.); *Winfield v. Martinez*, 2008 WL 4541945 (M.D. Pa.); *Francis v. U.S.*, 2009 WL 1010522 (M.D. Pa.); *Rivera v. Scism*, Civil No. 10-1773, M.D. Pa.[4]

**II.    Factual Background**.

On January 10, 2001, Petitioner was convicted for possession of a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1) and § 924(e), by a jury in the United States District Court for the Eastern District of Tennessee.[5]  Pursuant to that conviction, Petitioner was sentenced, on October 5, 2001, to a sentence of three hundred twenty seven (327) months incarceration and five (5) years supervised release.  Subsequently, Petitioner appealed that sentence to the Sixth Circuit Court of Appeals, and they affirmed the District Court's judgment of sentence on June 11, 2003.  After the Sixth Circuit Court affirmed the District Court, Petitioner filed for a Writ of Certiorari seeking to appeal to the Supreme Court, but was denied on November 5, 2003.

---

[4]Rule 4 provides in relevant part: "If it plainly appears from the petition and any attached exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

[5]We take judicial notice of Criminal Docket No. 1:98-CR-061 from the Eastern District of Tennessee, in which Petitioner was convicted of the unlawful transportation of firearms as a felon.  We accessed the Docket at https://ecf.tned.uscourts.gov.

On November 9, 2004, Petitioner filed an initial § 2255 Motion to Vacate in regards to his sentence. The District Court for the Eastern District of Tennessee denied that motion as time-barred by the statute of limitations on December 13, 2004. Petitioner filed a second § 2255 Motion to Vacate on February 19, 2009. On May 27, 2009, the District Court ordered that Petitioner's motion, as a second or successive motion to vacate, be transferred to the Sixth Circuit Court of Appeals since he had not received permission to file a successive §2255 motion, as required. On June 17, 2010, the Circuit Court denied Petitioner's motion to file a second § 2255 motion.

Subsequently, Petitioner attempted several times to file successive motions to vacate under § 2255, each of which was denied by the Sixth Circuit Court of Appeals. Most recently, in May 2012, Petitioner filed a motion under Federal Rule of Civil Procedure 60(b) for relief from the District Court's October 8, 2010 judgment denying his prior Rule 60(b) motion challenging the denial of his § 2255 motion in 2004. The Sixth Circuit Court of Appeals interpreted this as another § 2255 motion, and denied the successive motion on January 7, 2013.

As stated, Petitioner also previously filed four petitions for writ of habeas corpus under 28 U.S.C. § 2241 which were dismissed by the Court. (Docket Nos. 3:13-CV-01643, 3:13-CV-02478, 3:13-CV-3009 and 3:13-CV-3110). Petitioner filed the §2241 Petition for writ of habeas corpus in 3:14-CV-0246 on February 12, 2014. Petitioner's habeas petition filed in 3:14-CV-0246 and his instant habeas petition both challenge the disciplinary action Petitioner received for Incident Report No. 2498958, and the issues raised in both petitions are basically identical. As stated, in Petitioner's 3:14-CV-0246 case, which is also currently pending before the Court, we are

recommending that his habeas petition be dismissed with prejudice for failure to exhaust his BOP administrative remedies.

## III. Discussion.

As discussed, in his instant Habeas Petition, Petitioner raises due process violations regarding a decision for a disciplinary action he received for incident report No. 2498958 on October 10, 2013. (Doc. 1, p. 2). Petitioner states that he received loss of commissary privileges for 180 days, loss of good conduct time for 27 days, loss of telephone privileges and 180 days loss of visitation. As relief, Petitioner requests that the Court "expunge the incident report because it does not satisfy a Code 206 or lesser included sanction." (Doc. 1, p. 8).

As noted above, the present Habeas Petition raises nearly identical claims to the claims Petitioner raised in his habeas petition filed in 3:14-CV-0246. As mentioned, in his 3:14-CV-0246 case, Petitioner asserts due process claims regarding Incident Report # 2498958 filed against him on October 1, 2013, when he was confined at USP-Allenwood, for Conduct which Disrupts, most like Making a Sexual Proposal, BOP Code 299, most like Code 206. Specifically, as mentioned, in his 3:14-CV-0246 case, Petitioner claims that his due process rights were violated since he was transferred to USP-Lewisburg prior to his disciplinary hearing, the Discipline Hearing Officer was prejudiced against him and did not allow him to call witnesses and preserve video footage, his staff representative failed to investigate the incident, and the evidence was insufficient to find that he committed the charged prohibited conduct. Further, in his 3:14-CV-0246 case, Petitioner requests that this Court expunge Incident Report # 2498958, and thus restore his lost 27 days good conduct time as well as his lost privileges, or direct that he be charged with a "lesser included offense."

Petitioner's Habeas Petition in 3:14-CV-0246 was served on Respondent Warden Thomas and a Response was filed.  Petitioner also filed a Traverse.  Thus, Petitioner's habeas petition in his 3:14-CV-0246 case is ripe and we are recommending it be dismissed with prejudice for failure of Petitioner to have exhausted his administrative remedies.

Thus, since the instant Habeas  Petition, 3:14-CV-0719,,is duplicative of the Petition Petitioner  filed in his 3:14-CV-0246 case, we will recommend that the instant case be summarily dismissed with prejudice.

**IV**.	**Recommendation.**

Based upon the foregoing, it is respectfully recommended that Petitioner Schreane's Petition for Writ of Habeas Corpus, Docket No. 3:14-CV-0719 (**Doc. 1**), be summarily dismissed with prejudice, without directing service of it on Respondent, as a duplicate Habeas Petition to the Habeas Petition Petitioner  filed in 3:14-CV-0246, which is currently pending before the Court.  It is furthered recommend that Petitioner's Motion for leave to proceed *in forma pauperis* **(Doc. 2)** be granted solely for the purpose of filing this case.  Finally, it is recommended that the Court close this case.


		<u>s/ Thomas M. Blewitt</u>
		**THOMAS M. BLEWITT**
		**United States Magistrate Judge**


**Dated: April 28, 2014**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLARENCE D. SCHREANE, | : | CIVIL ACTION NO. **3:CV-14-0719** |
| Petitioner | : | (Judge Caputo) |
| v. | : | (Magistrate Judge Blewitt) |
| BRIAN CHAMBERS, *DHO,* | : | |
| Respondent | : | |

**NOTICE**

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing

**Revised Report and Recommendation** dated **April 28, 2014.**

Any party may obtain a review of the Revised Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the
> magistrate judge, making his or her own determination on the basis
> of that record.  The judge may also receive further evidence, recall
> witnesses or recommit the matter to the magistrate judge with

instructions.

Failure to file timely objections to the foregoing Revised Report and Recommendation may constitute a waiver of any appellate rights.

                          **s/ Thomas M. Blewitt**
                          **THOMAS M. BLEWITT**
                          **United States Magistrate Judge**

**Dated: April 28, 2014**